# United States District Court
for the
Northern District of New York

## Request for Summons and
## Modification of the Conditions or Term of Supervision

Name of Offender:  Robert Simpson           Case Number:  5:00-CR-00373-002
Name of Sentencing Judicial Officer:  Honorable Frederick J. Scullin, Jr., Senior U.S. District Judge
Date of Original Sentence:  June 4, 2002
Original Offense: Conspiracy to Distribute and to Possess With Intent to Distribute Cocaine Base, Cocaine, and Marijuana, 21 U.S.C. § 846.  Use and Carry a Firearm During and in Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c).
Original Sentence:  46 months imprisonment and three years supervised release
Type of Supervision:  Supervised Release   Date Supervision Commenced: 11/18/05

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

1.  You shall refrain from the use of alcohol while in treatment and for the remainder of the term of supervision following completion of treatment.

## CAUSE

The probation officer believed that the action requested above is necessary for the following reasons:

In November 18, 2005, the defendant was released from the Bureau of Prisons to supervised release. On December 21, 2005, the defendant reported to the U.S. Probation Office and a breathalizer test showed a blood alcohol content reading of .008%. The defendant was surprised by the reading as he did not believe he had that much to drink the previous night. Supervising U.S. Probation Officer Lori Albright counseled the offender about the impact of alcohol while taking psychiatric medication and was reminded that this office will not tolerate excessive use of alcohol.

On February 18, 2006, the defendant reported to police of being assaulted and robbed after he left a downtown bar where he had been consuming alcohol. Simpson explained he stayed at the bar until closing time and he drank three mixed drinks (vodka with cranberry juice) in a two hour period. According to the police report, the defendant went to the Public Safety Building at 6:45 PM to report a Robbery.  Simpson told the police that sometime after 2 AM of February18, 2006, he walked to his car alone after leaving a bar.  Once he arrived at the car, he was hit in the back of the head by an unknown black male.  He was placed in the car unconscious, but regained consciousness a few minutes later and was in the back seat of his car with a female. The defendant was driven to a Fleet Bank and was forced to take $60 from the ATM machine.  He then got into the front seat of the car

Case 5:00-cr-00373-FJS   Document 127   Filed 04/05/06   Page 2 of 3

Request for Summons and Modification of the Conditions or Term of Supervision
Robert Simpson                                                                5:00-CR-00373-002
Prob12D(6/05)                                                                        Page: 2

with the male. While in the front of the car, the male proceeded to hit him with his fists until he went unconscious again. When Simpson woke up several hours later, both subjects were gone with his car keys, the money he withdrew from the ATM, $50 from his wallet, and his cellular telephone. He walked to the CENTRO garage and used a phone there to call for a tow truck. He waited for the truck for approximately one hour (2 PM) and went with the tow truck to Courtesy Ford to get new keys made. Once Simpson had his car operating, he went to his employer and called the police. According to the police report, the employer was interviewed and he gave similar rendition of the incident as Simpson described.

On February 22, 2006, this officer conducted an employment visit and spoke to the defendant and his employer, Joe Crabb. According to Mr. Crabb, he has known the offender for approximately 15 years and voiced concerned about the offender's drinking and "going out." He advised this officer last month, Simpson was sent home from work after he appeared to be under the influence of alcohol. Mr. Crabb reports Simpson has been going out after work "too much" and is concerned about his legal situation and work performance. Mr. Crabb believes the offender was doing very well while at the halfway house, but after his release, it appears he has been deteriorating.

The defendant has a lengthy history of mental health and substance abuse issues. On April 13, 1994 the defendant was discharged from Farnham Inc. after he completed substance abuse treatment. He was diagnosed with Cannabis Dependence and Alcohol Dependence. On August 16, 2000, the defendant completed a substance abuse evaluation at Crouse Hospital. The evaluator recommended the defendant follow through with mental health counseling, consider integrating into a 12-step program, abstain from alcohol and drugs, and participate in a Mental Illness Chemical Addiction (MICA) program.

On November 16, 2005, the defendant completed treatment at Syracuse Behavioral Healthcare through the Bureau of Prisons. The defendant was diagnosed with Alcohol Dependence Sustained Full Remission and Cannabis Dependence Sustain Full Remission. The discharge instructions included abstinence from alcohol and other mood altering substances and attendance of two 12 step self help meetings per week. In addition, on March 27, 2006, the defendant started mental health counseling at A&R Consulting and it was recommended the defendant maintains abstinence from all mood altering substances, including alcohol.

This officer spoke to the defendant about his drinking habits and the alcohol related incidents. Simpson does not believe alcohol presents a problem in his life because he believes he is able to control his drinking. This office is concerned about the offender's drinking habits since he is reportedly drinking at least two times per month. Given the offender's drug and alcohol history and the consequences of his use, this office believes the offender's success on supervision may be hindered by his drinking. Simpson resides in the City of Oswego with his parents and drives to Syracuse daily for work. This office believes the offender can be at risk to himself and to the community if he continues to go out for drinks after work and drives back home.

At this time, this office respectfully requests the Court modify the conditions of supervise release to include a no alcohol condition. This action hopefully will deter the defendant from drinking and minimize the possibilities for the offender to place himself or others at risk. The defendant does not agree with this office's recommendation and has requested this issue be reviewed by the Court.

Request for Summons and Modification of the Conditions or Term of Supervision
Robert Simpson                                                                 5:00-CR-00373-002
Prob12D(6/05)                                                                          Page: 3

If the Court chooses to issue a summons, Simpson is currently residing at 166 East Bridge St., Oswego, New York 13126. If you have any questions or require further information, please contact me at (315)234-8742.

>                                    Respectfully submitted.
>
>                                    PAUL W. DeFELICE
>                                    Chief U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 28, 2006

Reviewed by:
LORI ALBRIGHT
Supervising U.S. Probation Officer

by:
LIANA SNYDER
U.S. Probation Officer

THE COURT ORDERS:

☐ No Action.
☒ The issuance of a summons.
☐ Other: _____

Signature of Judicial Officer

4/5/06
Date